UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDY LI,<br><br>    Plaintiff,<br><br>    v.<br><br>CONTRA COSTA COUNTY, et al.,<br><br>    Defendants. | Case No. 17-cv-01023-EMC<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND**<br><br>Docket No. 1 |

## I. INTRODUCTION

Andy Li, formerly an inmate at the Martinez Detention Facility in Martinez, California, filed a *pro se* civil rights complaint seeking relief under 42 U.S.C. § 1983. The complaint is now before the Court for review under 28 U.S.C. § 1915A.

## II. BACKGROUND

In his complaint, Andy Li alleges the following: On November 30, 2016, he was working in "intake" at the Martinez Detention Facility and "was physically attacked/ass[au]lted by a newly booked violent offender." (Docket No. 1 at 3.) Nurse Dhanoa, aware of the offender's violent behavior, pulled that offender out of his single cell safety status "in hopes" that Mr. Li would be attacked and was motivated by retaliatory intent. Deputy Ball failed to protect Mr. Li, as deputy Ball was not within close distance to prevent attacks on any workers and failed to follow "customs to be at hand." (*Id.*) Contra Costa County condoned a custom and practice "that deputies are suppose[d] to be near and within helping distances to prevent an attack on workers (inmates or non-inmates)." (*Id.*).

## III. DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner

seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b).

The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Specific facts are not necessary; the statement need only . . . give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations and internal quotation marks omitted). Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. *Pro se* complaints must be liberally construed. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

<u>Fourteenth Amendment claim</u>: When a pretrial detainee challenges conditions of his confinement, the proper inquiry is whether the conditions amount to punishment in violation of the Due Process Clause of the Fourteenth Amendment. *See Bell v. Wolfish,* 441 U.S. 520, 535 & n.16 (1979). Jail officials may be liable under the Fourteenth Amendment for failure to protect a pretrial detainee from a risk of harm by other inmates. A deliberate indifference standard applies to failure-to-protect claims from both pretrial detainees and prisoners. However, unlike the subjective standard that applies to prisoner's claim (i.e., the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference," *Farmer v. Brennan*, 511 US. 825, 837 (1994)), an objective

2

standard applies to a pretrial detainee's claim. *See Castro v. County of Los Angeles*, 833 F.3d 1060, 1069-71 (9th Cir. 2016) (en banc), *cert. denied*, 137 S. Ct. 831 (2017). To state a due process claim for deliberate indifference based on a failure to protect a pretrial detainee, a plaintiff must allege facts showing these elements:

> (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) Those conditions put the plaintiff at substantial risk of suffering serious harm; (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) By not taking such measures, the defendant caused the plaintiff's injuries.

*Id.* at 1071.

The complaint fails to state a claim for deliberate indifference to Mr. Li's safety because it fails to allege facts that suggest that any Defendant acted with the requisite mental state of deliberate indifference. First, the sequence of events is unclear, in that the complaint does not explain whether the "violent offender" attacked Mr. Li upon his arrival at the jail (as suggested by the allegations that Mr. Li was attacked while "working in intake" and the attacker was "newly booked") or after the "violent offender" had been at the jail for some time and after the "violent offender" had attacked two other inmates. If Mr. Li was the first person attacked by the "violent offender" in the jail, Mr. Li needs to allege facts showing why reasonable jail officials would have been aware of the violent nature of the person, or that he posed a risk to other inmates. Second, Mr. Li fails to allege facts supporting his conclusion that nurse Dhanoa was aware of the attacker's violence when she "pull[ed] him out of single cell safety status," nor does Mr. Li even explain the meaning of the quoted phrase. And Mr. Li fails to allege facts supporting his assertion that nurse Dhanoa acted with the hope that the offender would attack Mr. Li. The complaint does not sufficiently allege specific facts suggesting that nurse Dhanoa or deputy Bell did not take reasonable available measures to abate the risk to an obvious risk to Mr. Li.

With regard to both nurse Dhanoa and deputy Bell, Mr. Li needs to allege facts showing the presence of the each of the elements mentioned in the *Castro* case block-quoted above. The amended complaint needs to explain exactly what happened, needs to provide if possible the name

3

of the "violent offender," and needs to allege facts suggesting that nurse Dhanoa and deputy Bell acted with deliberate indifference to a risk to Mr. Li's safety.

Retaliation Claim: "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

The complaint fails to state a claim against nurse Dhanoa for retaliation because facts are not alleged in support of the conclusory allegation that nurse Dhanoa acted with retaliatory motive. Mr. Li speculates that nurse Dhanoa acted to retaliate against him, but does not allege facts showing this to be anything more than speculation. For instance, he does not allege facts showing that nurse Dhanoa was aware of his First Amendment activities, and does not allege that nurse Dhanoa acted because of Mr. Li's First Amendment activity instead of being merely careless or making a simple mistake.

Municipal liability: The complaint lists Contra Costa County as a defendant. There is no respondeat superior liability under § 1983, i.e. no liability under the theory that one is liable simply because he employs a person who has violated a plaintiff's rights. *See Monell v. Dep't of Social Servs.,* 436 U.S. 658, 691 (1978)*; Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Thus, the mere fact that an alleged individual wrongdoer may have been employed by Contra Costa County would not be a sufficient basis on which to hold the County liable under § 1983.

Local governments are "persons" subject to liability under 42 U.S.C. § 1983, however, where official policy or custom causes a constitutional tort, *see Monell,* 436 U.S. at 690. To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. *See Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997).

For municipal liability, a plaintiff must plead sufficient facts regarding the specific nature of the alleged policy, custom or practice to allow the defendant to effectively defend itself, and these facts must plausibly suggest that the plaintiff is entitled to relief. *See AE v. County of Tulare*, 666 F.3d 631, 636-37 (9th Cir. 2012). It is not sufficient to merely allege that a policy, custom or practice existed or that individual officers' wrongdoing conduct conformed to a policy, custom or practice. *See id.* at 636-38.

The complaint alleges that Contra Costa County "condoned a custom and practice" "that deputies are suppose[d] to be near and within helping distances to prevent and attack on workers (inmate or non-inmate)." (Docket No. 1 at 3.) . The allegation does not plead a plausible claim for municipal liability because the alleged custom and practice would tend to be protective of, rather than deliberately indifferent to, a risk to worker safety. Moreover, the complaint suggests that Mr. Li was injured because deputy Bell failed to follow the policy, rather than because he followed the policy. Leave to amend is granted so that Mr. Li may attempt to allege the existence of municipal liability.

## IV. CONCLUSION

The complaint is dismissed with leave to amend. Plaintiff must file an amended complaint that complies with the directions in this order no later than **August 4, 2017**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) ("For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal. But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled.") Failure to file the amended complaint will result in the dismissal of this action.

**IT IS SO ORDERED**.

Dated: June 30, 2017

_____
EDWARD M. CHEN
United States District Judge

5