UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDY LI,<br><br>    Plaintiff,<br><br>    v.<br><br>CONTRA COSTA COUNTY, et al.,<br><br>    Defendants. | Case No. 17-cv-01023-EMC<br><br>**ORDER OF SERVICE**<br><br>Docket No. 7 |

## I. INTRODUCTION

Andy Li, formerly an inmate at the Martinez Detention Facility in Martinez, California, filed this *pro se* civil rights action seeking relief under 42 U.S.C. § 1983. The Court reviewed the complaint and dismissed it with leave to amend. Mr. Li filed an amended complaint, which is now before the Court for review under 28 U.S.C. § 1915A.

## II. BACKGROUND

In his amended complaint, Mr. Li alleges the following:

On or about November 30, 2017, Bruce Landgraf was arrested for an unprovoked assault. *See* Docket No. 7 at 4 (amended complaint); Docket No. 8 (errata sheet, correcting dates). After being booked on assault charges, Mr. Landgraf was placed in a general population holding room at Martinez Detention Facility, but was moved to a single cell after he attacked two fellow inmates within several hours. At about 9:30 a.m. on November 30, 2016, Mr. Landgraf was released from his single cell by deputy Ball, who was acting at the request of nurse Dhanoa. Mr. Landgraf thereupon committed an unprovoked attack on Mr. Li, who was working in the intake area at the time.

At the time of the attack, nurse Dhanoa was aware that Mr. Li had filed a civil rights action

against her, and knew that Mr. Landgraf was dangerous and had attacked two other inmates. She caused Mr. Landgraf to be let out of his cell under the guise of performing an (unneeded) medical check, but in reality let him out so that Mr. Landgraf could attack Mr. Li to retaliate against Mr. Li for his First Amendment activities. As a result of being attacked, Mr. Li sustained a cut under his left eye. Nurse Dhanoa smirked at Mr. Li and refused to give him any pain medications. Mr. Li was sent to the hospital for examination. Docket No. 7 at 8.

At the time of the attack, deputy Ball worked in the intake area, was aware of all activities within the intake area, and knew why Mr. Landgraf was in the single cell. Nonetheless, deputy Ball decided to let Mr. Landgraf out of the single cell without adequate supervision. Deputy Ball was not within the required distance of 3-5 feet to prevent the violent inmate from attacking other people.

Sergeant Baldwin failed to train and supervise his deputies, such as deputy Ball, to follow the custom and practice at the Martinez Detention Facility that deputies are to be in close proximity (i.e., within 3-5 feet) when a nurse performs a check-up on any inmate. Sergeant Baldwin knew of the events occurring in the intake area and "reasonably knows about the [earlier] unprovoked attacks by Bruce Landgraf." *Id.* at 9.

### III. DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

2

Fourteenth Amendment failure-to-protect claim: When a pretrial detainee challenges conditions of his confinement, the proper inquiry is whether the conditions amount to punishment in violation of the Due Process Clause of the Fourteenth Amendment. *See Bell v. Wolfish,* 441 U.S. 520, 535 & n.16 (1979). Jail officials may be liable under the Fourteenth Amendment for failure to protect a pretrial detainee from a risk of harm by other inmates. To state a claim that an individual officer failed to protect a pretrial detainee, a plaintiff must allege facts showing these elements:

> (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) Those conditions put the plaintiff at substantial risk of suffering serious harm; (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) By not taking such measures, the defendant caused the plaintiff's injuries.

*Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc), *cert. denied,* 137 S. Ct. 831 (2017).

Liberally construed, the amended complaint states a claim against nurse Dhanoa, deputy Ball, and sergeant Ball for deliberate indifference to Mr. Li's safety. Nurse Dhanoa and deputy Ball caused the allegedly dangerous Mr. Landgraf to be released from his cell without proper supervision, and Mr. Landgraf promptly attacked Mr. Li. Sergeant Baldwin allegedly was aware of the danger Mr. Landgraf posed, yet failed to train and supervise the deputies in the intake area to be sure that they kept close physical supervision over such inmates to avoid the inmates attacking people.

Fourteenth Amendment - medical-care claim: Mr. Li alleges that nurse Dhanoa refused to provide him pain medications after he was attacked, even though a deputy in the intake area said to give Mr. Li pain medication if he needed it and even though Mr. Li asked for pain medications. This claim is dismissed because it duplicates a claim being litigated in a separate action filed by Mr. Li, *Li v. Contra Costa County*, No. 16-2861 EMC, in which Mr. Li challenges the denial of pain medication at the jail by several people, including nurse Dhanoa, during the same time period. A claim asserted in one action that duplicates a claim asserted in an earlier action may be

3

dismissed as frivolous. *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995)*; Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (duplicative or repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915 as malicious); *see also Adams v. California Dept. of Health Services*, 487 F.3d 684, 689 (9th Cir. 2007) ("Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'") Moreover, even if it was not duplicative, a claim is not stated because, although nurse Dhanoa may not have provided pain medications, Mr. Li alleges that he was taken to the hospital after the attack -- in other words, his allegations show that he did receive medical care even though it was by someone other than nurse Dhanoa. Docket No. 7 at 8. (The medical records in Mr. Li's other action show that Mr. Li was evaluated by a different triage nurse at 9:46 a.m. (i.e., about 15 minutes after the attack) and was taken to the emergency room that morning. *See* Docket No. 24-1 at 10-20.)

Retaliation Claim: "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

Liberally construed, the amended complaint states a claim against nurse Dhanoa for retaliation. Mr. Li alleges that nurse Dhanoa knew that he had sued her. He further alleges that nurse Dhanoa caused Mr. Landgraf to be let out his cell for the purpose of attacking Mr. Li as payback for his First Amendment activities.

### IV. CONCLUSION

1. The amended complaint states a cognizable Fourteenth Amendment claim against nurse Dhanoa, deputy Ball, and sergeant Baldwin for failing to protect Mr. Li, and states a cognizable claim against nurse Dhanoa for retaliation. All other claims and Defendants are dismissed.

2. The Clerk shall issue a summons and the United States Marshal shall serve, without

4

prepayment of fees, the summons, a copy of the amended complaint and a copy of all the documents in the case file upon the following defendants, all of whom apparently work at the Martinez Detention Facility:

- Nurse Herjinder Dhanoa
- Deputy A. Ball
- Sergeant Baldwin

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

    a. No later than **January 26, 2018**, Defendants must file and serve a motion for summary judgment or other dispositive motion. If Defendants are of the opinion that this case cannot be resolved by summary judgment, Defendants must so inform the court prior to the date the motion is due. If Defendants file a motion for summary judgment, Defendants must provide to Plaintiff a new *Rand* notice regarding summary judgment procedures at the time they file such a motion. *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012).

    b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon Defendants no later than **February 23, 2018**. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

    c. If Defendants wish to file a reply brief, the reply brief must be filed and served no later than **March 9, 2018**.

4. Plaintiff is provided the following notices and warnings about the procedures for motions for summary judgment:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. . . . Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in

5

> declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).

If a defendant files a motion for summary judgment for failure to exhaust administrative remedies, he is seeking to have the case dismissed. As with other defense summary judgment motions, if a motion for summary judgment for failure to exhaust administrative remedies is granted, the plaintiff's case will be dismissed and there will be no trial.

    5.    All communications by Plaintiff with the Court must be served on a Defendant's counsel by mailing a true copy of the document to the Defendant's counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until a Defendant's counsel has been designated, Plaintiff may mail a true copy of the document directly to the Defendant, but once a Defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that Defendant.

    6.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

    7.    Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

    8.    Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED**.

Dated: November 14, 2017

_____
EDWARD M. CHEN
United States District Judge